United States District Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SAVAGE SERVICES CORP.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-03405 |
| | § | |
| **CAJUN INDUSTRIES, LLC,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the August 30, 2024, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 90). Judge Bray made findings and conclusions and recommended that Plaintiff's Motion for Partial Summary Judgment on Certain Claims and Against All Claims of Defendant, (Dkt. No. 27) be granted; Defendant Cajun Industries, LLC's Motion for Partial Summary Judgment on Cajun's Counterclaims and Savage's Claims, (Dkt. No. 55), be granted in part and denied in part; and Defendant Cajun Industries, LLC's Motion for Partial Summary Judgment on Savage Service Corporations' Claim for Attorneys' Fees, (Dkt. No. 56), be granted.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On September 13, 2024, Defendant Cajun Industries, LLC filed several objections to Judge Bray's M&R. (Dkt. No. 91). First, Cajun objected to Judge Bray's conclusion that Savage paid Cajun in full under the contract. (*Id.* at 8–10). Second, Cajun objects to the M&R's interpretation of the Change Order

provisions of the contract. (*Id.* at 10–14). Third, Cajun objects to Judge Bray's conclusion that declaratory judgment is appropriate. (*Id.* at 14–15). Finally, Cajun argues that the M&R went beyond contract interpretation and made factual findings that ignored key evidence regarding the calculation of the Cost Savings Amount. (*Id.* at 16–18). On September 23, 2024, Savage responded to Cajun's objections. (Dkt. No. 94).

In addition, on September 13, 2024, Plaintiff Savage Service Corporation filed objections to Judge Bray's M&R. (Dkt. No. 92). First, Savage objects to the M&R's conclusion that the relevant sections of the contract were conditions precedent under the contract. (*Id.* at 1–2, 7–8). Second, Savage objects to Judge Bray's conclusion that Savage's requested briefing raised entirely new issues by citing other provisions of the contract. (*Id.* at 2–7). On September 23, 2024, Cajun responded to Savage's objections. (Dkt. No. 95).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

2

(1) Magistrate Judge Peter Bray's M&R, (Dkt. No. 90), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Plaintiff's Motion for Partial Summary Judgment on Certain Claims and Against All Claims of Defendant, (Dkt. No. 27), is **GRANTED**;

(3) Defendant Cajun Industries, LLC's Motion for Partial Summary Judgment on Cajun's Counterclaims and Savage's Claims, (Dkt. No. 55), is **GRANTED in part** and **DENIED in part**; and

(4) Defendant Cajun Industries, LLC's Motion for Partial Summary Judgment on Savage Service Corporations' Claim for Attorneys' Fees, (Dkt. No. 56), is **GRANTED**.

A final judgment will issue separately.

It is SO ORDERED.

Signed on September 24, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**